Wyly, J.
On twelfth July, 1856, Mrs. Emily Heyman obtained judgment of separation of property and for one thousand dollars against her husband, on the admissions contained in his answer and the testimony of one witness, to the effect he was in embarrassed circumstances.
In May, 1853, this judgment was published and execution issued, under which the plaintiff bought a lot of ground on the nineteenth December, 1858, crediting the judgment four hundred and thirty-seven dollars and forty-six cents.
On twelfth February, 1869, more than twelve years from the rendition of the judgment, it was revived by decree of court on a petition, the service of which was accepted by A. M. Heyman on second February, 1869.
On twenty-first October, 1869, Heyman sold to his wife a lot of ground and buildings thereon in the town of Clinton for two thousand dollars, one thousand and -eighty-five dollars thereof in settlement of the balance due on said judgment of his wife against him, and nine hundred and fifteen dollars thereof on the assumption of his wife to pay certain creditors of the seller, her husband, and it is conceded these creditors were paid.
On twenty-ninth September, 1873, L. Bloom & Co. obtained judgment against A. M. Heyman on his note dated July 19, 1872; and on this judgment execution issued, and the house and lot in Clinton, conveyed by Heyman to his wife, as aforesaid, were seized, whereupon she sued out an injunction and prayed to be decreed the owner of the property.
The court dissolved the injunction and condemned Emily Heyman to pay L. Bloom & Co. forty-two dollars and sixty-three cents general damages, and fifty dollars special damages, attorney’s fees.
From this judgment the plaintiff appeals.
The defense urged is as follows:
First — The pretended judgment of separation of property is a fiction , *194 a mere voluntary separation, the nullity of which can be invoked by any one at any time. 6 An. 730; 7 An. 92; 2 An. 483 ; 4 An. 65.
Second — It was not followed úp by a prompt and bona fide execution, an uninterrupted suit to obtain payment, as required by article 2428 Revised Code. See also 1 R. 431; 4 An. 513; 11 An. 696; 12 An. 193.
Third — The money demand granted in said judgment expired by the prescription of ten years, no revival of said judgment having been obtained within ten years from its rendition, as required by article-3547 of the Revised Code. See, also, 21 An. 295.
Fourth — The sale of the property in controversy by Heyman to his wife was an absolute nullity, being in contravention of a prohibitory law. Revised Code, articles 1790,2446 ; 21 An. 466; 12 An. 173; 18-An. 27; 4 An. 65.
It is true the defendants, L. Bloom & Co., judgment creditors of the-husband of plaintiff long after the separation of property, can not-attack the judgment on the ground that it was collusive and rendered in fraud of creditors, 24 An. 49; still their seizure can be maintained if the conveyance of the property in question from Heyman to his wife in October, 1869, was an absolute nullity, because made in contravention of a prohibitory law.
Article 1790 of the Revised Code provides that: “ Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as husband and wife, tutor and ward, whose contracts with each other are forbidden, or in relation to the subject of the contract, such as purchases by the administrator of any part of the estate which is committed to his charge, and the incapacity of the wife, even with the assent of her husband, to alienate her dotal property or to become security for his debts. These take place only in the cases specially provided by law, under different titles of this code.”
Article 2446 of the Revised Code provides that: “A contract of sale between husband and wife can take place only in the three following cases:
First — “When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
Second — “When the transfer made by the husband to the wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
Third — “When the wife makes a transfer of property to her husband in payment of sums promised to him as dower.”
Under these articles of the Revised Code, we are constrained to hold that the conveyance in October, 1869, of the property in question from *195 Heyman to bis wife for two thousand dollars, one thousand and eighty-five dollars thereof in discharge of the balance due on her judgment against him, and nine hundred and fifteen dollars thereof in the assumption of the wife to pay certain creditors of her husband, was an absolute nullity.
The conveyance is covered by neither of the three cases mentioned in article 2446, and in the language of article 1790 such contract between husband and wife was “forbidden.” And this, view of the law was taken by this court in Spurlock v. Mainer, 1 An. 302; a case directly in point, and the ruling has prevailed ever since.
We will also remark that the judgment of separation was a nullity, because it was not executed by a giving in payment or “ by a bona fide non-interrupted suit to obtain payment,” as required by article 2428 of the Revised Code, nor was it promptly published as required by article 2429.
It is therefore ordered that the judgment herein be affirmed, appellant paying costs of appeal.